In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Robert W. Trimnal, #923239,  )  <br>  ) <br> Plaintiff,  ) <br>  ) <br> vs.  ) <br>  ) <br> Lexington County Sheriff's Department;  ) <br> Sergeant Butler; Correctional Officer  ) <br> (C/O) Lewis B. Cochcroft; and  ) <br> Captain Quig,  ) <br>  ) <br> Defendants.  ) <br> _____) | Civil Action No. 9:06-1928-CMC-GCK <br><br> **REPORT AND RECOMMENDATION** <br> **OF THE MAGISTRATE JUDGE** |

## **I. INTRODUCTION**

The Plaintiff, Robert Wayne Trimnal ("Plaintiff" or "Trimnal"), was incarcerated at the Lexington County Detention Center ("LCDC")at the time of events giving rise to this action. He has filed suit against the above-named defendants, Lexington County Sheriff's Department; Sergeant Butler; Correctional Officer (C/O) Lewis B. Cochcroft, and Captain Quig, alleging that he was subjected to excessive force, and denied appropriate medical care by those Defendants, in violation of his constitutional rights.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C. The Defendants have filed a motion for summary judgment. [21] As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.  *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has been conducted in light of the following precedents:  *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege

facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  FACTUAL BACKGROUND

The facts, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are set forth below.

The Plaintiff's alleges that the Defendants Butler, Cochcroft, and Quig used excessive force and denied him adequate medical care in June 2005, during his incarceration at LCDC. According to Plaintiff, he was in a cell at LCDC wearing handcuffs and shackles when he told defendant Sgt. Butler he needed to see a doctor because he had cellulitis.[1] Plaintiff alleges that Sgt. Butler and an unknown officer opened the cell door, and Sgt. Butler tasered him while he was handcuffed and in shackles. Although Plaintiff kept telling Sgt. Butler that he needed a doctor, Sgt. Butler slammed the cell door shut. Plaintiff claims he beat against the door to get help; Officer Cochcroft entered the cell with a police shield and started tasering him for what "seemed like hours." Plaintiff continued to tell officers he needed to see a doctor. Plaintiff alleges that Captain Quig entered the cell, threw Plaintiff up against the wall and told him to shut up. Plaintiff remained in handcuffs and shackles. Plaintiff then was taken to Lexington County Hospital, where he claims he stayed for over a month. Although Plaintiff cannot recall the exact date, Plaintiff states the incident occurred before June 17, 2005.

Plaintiff seeks the dismissal of Sgt. Butler and Captain Quig, and also seeks $6 Million in

---

[1] Cellulitis is a cutaneous infection of the skin. It is characterized by a redness of the skin (erythema) and warmth over the involved area. *See* WebMD.com, accessed on February 13, 2007.

damages from the Lexington County Sheriff's Department. He also wants the Sheriff's Department to pay his hospital bill. [1]

This court's review of the records in evidence indicates that Plaintiff was detained at LCDC from March 15, 2005 to June 13, 2005.[2] The Plaintiff's inmate record from LCDC shows that an incident occurred between the Plaintiff and certain officers at LCDC at approximately 1:30 a.m. on June 10, 2005.[3] Sgt. Butler, Officer Cockcroft, and Captain Quig, were not involved in the incident.[4]

## IV. PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on June 20, 2006 against the above-captioned Defendants. Service was obtained on Cpt. Quig, the Lexington County Sheriff's Department, Sgt. Butler, and Officer Cochcroft. [11] On August 11, 2006, an Answer was filed on behalf of all Defendants, which set forth a general denial and also asserted that Plaintiff had failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. [12] Plaintiff filed a motion to amend his complaint to set forth allegations of (1) negligent medical treatment, explaining that LCDC officers did not take him to see medical staff after he told them he was sick, and (2) wrongful failure to subtract the duration of his hospital stay from his sentence. [14]

The undersigned granted Plaintiff's motion to amend by an Order filed on August 18, 2006 and

---

[2] *See* Plaintiff's Booking form dated March 15, 2005 (p. 1 of Exhibit A to Affidavit of Tonya Stevens [21-8]); *see also* Lexington Medical Center Consultation Note stating Plaitniff's date of admission as June 13, 2005 (p. 12 of Exhibit A to Affidavit of Tonya Stevens [21-8]); *and* Prison Health Services' Physicians' Orders stating that Plaintiff was sent to the Lexington Medical Center ER on June 13, 2005 (p. 43of Exhibit A to Affidavit of Tonya Stevens [21-8]).

[3] *See* Incident Reports, attached as Exhibit A to Affidavit of Correctional Officer Jeff Derrick [21-5].

[4] *See* Affidavit of Sgt. Butler [21-3]; Affidavit of Officer Cochcroft [21-4] *and* Affidavit of Captain Quig [21-7].

directed the Defendants to file an amended answer. [15]  The Defendants responded, denying Plaintiff's claims of inadequate medical care and again asserting as a defense Plaintiff's failure to exhaust administrative remedies prior to bringing this action.  [16]

On November 10, 2006, the Defendants filed a motion for summary judgment and a supporting Memorandum..  [21-1— 21-10]  On November 13, 2006, the undersigned issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which notified the Plaintiff of the summary judgment procedure.[5]  [20-1]  Plaintiff's response [26] appears to be a restatement of the allegations in his complaint.  The Defendants filed a reply [27] and as the issues have been joined, this case is ripe for review.

## V.  THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

The Defendants' Motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d

---

[5] In *Roseboro v. Garrison*, the Fourth Circuit held that *pro se* Plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.

167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party. *Miltier v. Beorn*, 896 F.2d 848, 852 (4th Cir. 1990); *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In addition, "once a Plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'" *Miltier*, 896 F.2d at 852, *quoting Celotex v. Catrett*, 477 U.S. 317, 328 ( 1986) (White J., concurring).

For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to Plaintiff. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When, as in the present case, the Defendants are the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendants must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## VII.  ANALYSIS

### A.  Introduction

As a *pro se* litigant, Plaintiff's Complaint must be construed liberally by this court. Nevertheless, a careful review of all of the pleadings in this case has led this court to recommend, for the reasons set forth below, that this matter be dismissed.

## B.  Plaintiff Has Failed to Exhaust His Administrative Remedies

As a threshold reason for recommending dismissal of this action, the Plaintiff has failed to exhaust his administrative remedies.  The Prison Litigation Reform Act of 1996 (the "PLRA"), codified as amended at 42 U.S.C. § 1997e(a), provides in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.").  Thus, the PLRA requires prisoners bringing actions concerning prison conditions or other federal law to exhaust all available administrative remedies before suing in federal court.  *See Porter v. Nussle*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  *Jones v. Bock*, Nos. 05-7058, 05-7142, 127 S.Ct. 910, 2007 WL 135890, *8 (Jan. 22, 2007) (*citing Porter*, 435 U.S. at 524).

In *Porter*, the Supreme Court emphasized that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  534 U.S. at 532.  Furthermore, *Porter* makes clear that the provisions in 42 U.S.C. § 1997e(a) applies to state prisoners.  *Porter*, 534 U.S. at 524.  Plaintiff's action is one that encompasses "prison life," and therefore his case falls within the

rule, articulated in *Porter*, that an inmate's exhaustion of administrative remedies is a prerequisite to filing suit.

A plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense that must be raised and pled by the defendant. *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 681 (4th Cir. 2005). In the present case, the Defendants raised Plaintiff's failure to exhaust administrative remedies as an affirmative defense in their Answer, and also have argued in their Brief that Plaintiff failed to exhaust the administrative remedies provided by the LCDC prior to filing suit.[6] The Defendants state that the LCDC has an inmate grievance procedure in place.[7] However, the Plaintiff did not file a grievance regarding the alleged tasering incident in his cell, and did not file a grievance related to the medical care provided to him. In fact, Plaintiff never filed any grievance at all while detained in LCDC.[8]

Plaintiff alleges that he was unable to file a grievance because he "was put in the hospital."[9] As a threshold matter, however, the incident which forms the basis of Plaintiff's complaint occurred on June 10, 2005. It appears that Plaintiff was hospitalized at the Lexington Medical Center on June 13, 2005. According to Plaintiff, he was hospitalized for four (4) days. [26] Then, Plaintiff was returned to LCDC to serve the remainder of his one-year sentence (imposed on April 19, 2005) for failure to pay child support.[10] As of July, 2006, when Plaintiff filed this complaint, he remained

---

[6] *See* Defendants' Answer [16] at p. 2, ¶ 10 *and* Defendants' Memorandum [21-2] at ¶ 18-19.

[7] *See* Affidavit of Harris [21-6] at ¶ 4.

[8] *See* Affidavit of Harris [21-6] at ¶ 6.

[9] *See* Complaint [1] at p. 3 at II.C.(2).

[10] *See* Exhibit A to Plaintiff's Response. [26]

incarcerated at LCDC.[11] Thus, it would have been possible for Plaintiff to file a grievance after he returned from his hospitalization at Lexington Medial Center. As mentioned above, however, Plaintiff never filed any grievance while at LCDC.

It is recommended that Plaintiff's action be dismissed for failure to exhaust administrative remedies.

### C. The Individual Defendants were not involved in the incident on June 10, 2005

Even if Plaintiff had properly exhausted his administrative remedies, he still could not obtain relief from the individual defendants. First, Sgt. Butler has stated by Affidavit that although he was employed at the LCDC in June 2005, he was not present at the incident about which Plaintiff complains, and had no personal involvement with the Plaintiff on the night of June 10, 2005.[12] Second, Captain Quig has stated by affidavit that he "was rarely, if ever, present at the detention center for the night shift" and further has stated that he was not present during the incident, which occurred at 1:30 a.m.,[13] and that he had no personal involvement with the Plaintiff on the night in question.[14] Third, Officer Cochcroft has stated by affidavit that while he was employed at LCDC at the time of the incident in question, he was assigned permanently to the day-shift at LCDC and was not present on the night of June 10, 2005 and had no personal involvement with Plaintiff that evening.[15]

---

[11] The court is unclear as to the reason Plaintiff remained at LCDC after April 2006, when the time for serving his Family Court sentence had ended.

[12] *See* Affidavit of Barrington Butler [21-3] at ¶¶ 4-6.

[13] Affidavit of Joseph B. Quig, III [21-7] at ¶ 5.

[14] Id. at ¶ 7.

[15] Affidavit of Louis Cochcroft [21-4] at ¶¶ 4-6.

### D.  All Defendants are entitled to Eleventh Amendment Immunity

Even if the individual defendants had been involved in the incident in question, the affidavits submitted by the Defendants Butler, Cochcroft, and Quig have established that they were employees of the duly elected Sheriff of Lexington County at the time of the incident complained of by Plaintiff.[16] Therefore, to the extent the Plaintiff has sued these individuals in their official capacities, they are entitled to Eleventh Amendment immunity, and those claims must be dismissed.  Likewise, the Defendant Lexington County Sheriff's Department, more properly known as the Office of the Lexington County Sheriff, is entitled to Eleventh Amendment immunity from suit.  Plaintiff has no cause of action against these Defendants.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Accordingly, it is recommended that these Defendants be dismissed from this matter.

### RECOMMENDATION

Based upon the foregoing, it is recommended that **Defendants' Motion for Summary Judgment [21] should be granted.**

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

February 15, 2007
Charleston, South Carolina

---

[16] *See* Affidavit of Butler [21-3] at ¶ 1; Affidavit of Cochcroft [21-4] at ¶¶ 1, 5, and Affidavit of Quig [21-7] at ¶ 1.  As the records submitted by Defendants indicate, the persons who were involved in the incident about which Plaintiff complains were Sgt. Granger, Sgt. Pressley, Officer Leach, Officer Hockemeier, Officer Dufault, and Officer Derrick.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).