IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert W. Trimnal, #923239, ) | C/A NO. 9:06-1928-CMC-GCK |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Lexington County Sheriff's Department; ) | |
| Sergeant Butler; Correctional Officer (C/O) ) | |
| Lewis B. Cochcroft; and Captain Quig, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, alleging Defendants' violation of certain of his constitutional rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation. On February 15, 2007, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and this matter dismissed. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on February 22, 2007.[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

---

[1] Plaintiff initially filed a short letter with the court noting that he wished to withdraw his action. *See* Dkt. # 29 (filed Feb. 21, 2007). However, the next day, the court received a short listing of "factual" issues in the Report with which Plaintiff disagreed. Out of an abundance of caution, the court has treated this document as Plaintiff's Objections to the Report.

determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. However, the court determines that while Defendants have moved for summary judgment, dismissal of this matter shall be without prejudice.

The exhaustion requirement of the Prison Litigation Reform Act (PLRA), found at 42 U.S.C. § 1997e, is strictly construed. While Plaintiff may argue that any attempt to exhaust administrative remedies at this point would be futile, this court "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies.[2]

---

[2]If Plaintiff were to again bring this same suit without exhausting his available administrative remedies, this court would likely construe this second complaint as frivolous or malicious, qualifying it to count as a strike under § 1915(g). *See Green v. Young*, 454 F.3d 405, 409-10 (4th Cir. 2006).

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 27, 2007

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\06-1928 Trimnal v. LCSD e adopt rr dism for failure to exhaust.wpd